IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )   CR. NO. 16-00513 HG-02
                               )
                Plaintiff,     )
                               )
           vs.                 )
                               )
JULIANN TERESA IGNACIO,        )
                               )
                Defendant.     )
                               )
_____)

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE
FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 163)**

Defendant is currently incarcerated at the Phoenix Federal
Correctional Institution in Arizona with a projected release date
of June 7, 2022.

Defendant has filed a Motion seeking immediate release
pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A).
Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing
pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP
ACT (COMPASSIONATE RELEASE) (ECF No. 163) is DENIED.

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of
imprisonment constitutes a final judgment and may not be modified
by a district court except in limited circumstances.  <u>Dillon v.</u>

<u>United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)  extraordinary and compelling reasons warrant such a reduction;
>
> ...
>
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

3

(1)(A)    Extraordinary and compelling reasons
          warrant the reduction; or

   (B)    The defendant (i) is at least 70 years
          old; and (ii) has served at least 30
          years in prison pursuant to a sentence
          imposed under 18 U.S.C. § 3559(c) for
          the offense or offenses for which the
          defendant is imprisoned;

   (2)    The defendant is not a danger to the
          safety of any other person or to the
          community, as provided in 18 U.S.C. §
          3142(g); and

   (3)    The reduction is consistent with this
          policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced
pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to
relief if she demonstrates:

   (1)    extraordinary and compelling reasons warrant a sentence
          reduction;

   (2)    she is not a danger to the safety of others or the
          community; and,

   (3)    any requested reduction is consistent with the policy
          statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr.
30, 2020).

## C.   Extraordinary And Compelling Reasons

The Sentencing Commission's Commentary Application Notes for
Guideline § 1B1.13 provides the definition of "extraordinary and
compelling reasons."  The Court agrees with the majority of the

4

district courts in the Ninth Circuit that have concluded that
Section 1B1.13 and its definition of "extraordinary and
compelling reasons" applies to motions for compassionate release
even though the sentencing guideline was not separately amended
following the passage of the First Step Act.  See Riley v. United
States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020)
(collecting cases); United States v. Shields, 2019 WL 2359231, *4
(N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application
Notes explain that extraordinary and compelling reasons exist
when:

(A) **Medical Condition of the Defendant.**–

(i) The defendant is suffering from a terminal illness
(i.e., a serious and advanced illness with an end
of life trajectory).  A specific prognosis of life
expectancy (i.e., a probability of death within a
specific time period) is not required.  Examples
include metastatic solid-tumor cancer, amyotrophic
lateral sclerosis (ALS), end-stage organ disease,
and advanced dementia.

(ii) The defendant is—

(I)         suffering from a serious physical or
medical condition,

(II)        suffering from a serious functional or
cognitive impairment, or

(III)       experiencing deteriorating physical or
mental health because of the aging
process,

that substantially diminishes the ability of the
defendant to provide self-care within the
environment of a correctional facility and from
which he or she is not expected to recover.

   (B)  **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C)  **Family Circumstances.**–
      (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

   (D)  **Other Reasons.**–As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist, as stated in paragraph (D), when ruling on motions for compassionate release. United States v. Brooker, ___ F.3d ___, 2020 WL 5739712, *7 (2d Cir. Sept. 25, 2020); United States v. Hernandez, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

On August 10, 2016, the grand jury returned an Indictment charging Defendant Ignacio and one other co-defendant with one count of Conspiracy to Distribute Oxycodone in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 846.  (ECF No. 8).

On November 23, 2016, Defendant Ignacio pled guilty to the

Indictment.  (ECF Nos. 59-62).

On January 9, 2018, the Court held a sentencing hearing. (ECF No. 139).

Defendant Ignacio was sentenced to 75 months imprisonment followed by a term of supervised release of 3 years.  (ECF No. 140).

On August 31, 2020, Defendant filed MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE).  (ECF No. 163).

On September 23, 2020, the Government filed its Opposition. (ECF No. 168).

On October 1, 2020, the Defendant filed her Reply.  (ECF No. 170).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Ignacio is 55 years old.  She is currently incarcerated at the Phoenix Federal Correctional Institution in Arizona.  A defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for

7

extraordinary and compelling reasons for a reduction in sentence. United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver, __ F.Supp.3d ___, 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

## I.  Medical Condition

### A.  Current Centers For Disease Control Standards And Defendant's Medical Concerns

The CDC has identified hypertension as a medical condition that might place an individual at an increased risk should they contract COVID-19.  (CDC Coronavirus Disease 2019 (COVID-19) Website, at "People with Medical Conditions," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html, last visited 11/16/2020)

The CDC has also identified obesity as a medical condition that places an individual, regardless of age, at increased risk. The CDC defines individuals as obese if he or she has a body mass

index ("BMI") of 30 or above.  (Id.)

Defendant Ignacio states that she suffers from hypertension and obesity.  The Defendant also argues she has identified a mass in her breast tissue which she claims may be malignant.

### B.    Medical Conclusion

Defendant is 55 years old.  The CDC recognizes that the risk of developing severe illness from COVID-19 increases with age. Those 65 years of age or older are at increased risk and those 85 years and older at the greatest risk.  (https://www.cdc .gov/coronavirus2019-ncov/need-extra-precautions/older-adults.html, last visited 11/16/20).  Defendant's age does not place her in a category of increased risk of complications due to COVID-19.

Defendant is prescribed Lisinopril for her hypertension. (Ex. A to Def.'s Motion at p. 3, ECF No. 166).  Her hypertension is being treated and monitored by the BOP.

Defendant's medical records reflect that as of August 5 2020, Defendant weighed 174.6 pounds.  (Ex. A to Def.'s Motion at p. 2, ECF No. 166).  Defendant's Presentence Report reflects that Defendant's recorded height is 5'3".  (Presentence Report ¶ 82, ECF No. 78).  Pursuant to the U.S. Department of Health and Human Services' BMI Calculator, Defendant's BMI was 30.9 as of August 5, 2020.  Defendant is considered to be at the beginning of the obesity scale under the CDC definition. Obesity alone, however,

is insufficient to support a finding of "extraordinary and compelling reasons" for immediate release.

Defendant argues she has an abnormality in her breast tissue which she claims may be malignant.  The Bureau of Prisons ("BOP") had a test done, which resulted in a report stating the abnormality is "probably benign." (Ex. A to to Def.'s Motion at p. 5, ECF No. 166).  Defendant Ignacio's medical records show a follow-up ultrasound was scheduled for September 2020.  BOP doctors continue to monitor the growth.  (Id.)  At this time, there is no evidence demonstrating the abnormality in Defendant Ignacio's breast tissue is malignant.

The record demonstrates that Defendant has received and continues to receive appropriate medical care by the BOP.  Conditions that can be managed in prison are not a basis for compassionate release.  United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. N.1(A)).

## II.  Section 3553(a) Factors And Defendant's History and Characteristics

### A.   History and Characteristics

In order to be eligible for compassionate release, Defendant must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that she is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

The Defendant is currently serving a term of imprisonment for her role of conspiring to distribute oxycodone, a Schedule II controlled substance.

Defendant Ignacio worked at a doctor's office from May 2014 to May 2016. (Presentence Report ¶ 93, ECF No. 78). Wiretaps on the phones of Defendant Ignacio and her co-defendant show hundreds of phone calls and text message correspondence where they devised a scheme to engage in drug trafficking. (Id. ¶ 18). The Defendant was working as the office manager for the doctor where she conspired with her co-defendant and others from May 2014 to December 2015. (Id. ¶¶ 27-29). Defendant Ignacio procured pre-signed or blank prescription forms to issue illegal prescription medications. (Id.) She provided them to her co-defendant and then coordinated with her co-defendant to falsely confirm these illegal prescriptions when called by pharmacies. (Id. ¶ 18). In exchange for the prescription forms, she was paid in cash or drugs. She sold some of the pills she received for the false prescriptions. (Id. ¶ 55).

The Defendant was held responsible for 153 grams of morphine and 462.52 grams of oxycodone. (Id. ¶ 43). The total 128 prescriptions for the morphine and oxycodone resulted in illegally providing over 20,000 pills. (Id. ¶¶ 33-34).

Defendant Ignacio has a history of possessing and distributing illicit substances.  In 2005, Defendant was convicted of a felony drug charges in Hawaii State Court.  The charges consisted of two counts of promoting a dangerous drug, and three counts of possessing drug paraphernalia.  (<u>Id.</u> ¶ 66).  The Defendant admitted to distributing approximately an "8-ball" (3.5 grams) of methamphetamine per day to support her drug habit and make additional money.  (<u>Id.</u>)  She was sentenced to one year confinement and five years probation.  (<u>Id.</u>)

Prior to Defendant Ignacio's drug convictions, she was convicted of theft once and criminal contempt of court four times.  (<u>Id.</u> ¶¶ 61-65).  She was required to pay various fines for the convictions.  (<u>Id.</u>)

As part of Defendant Ignacio's plea agreement in the case before the Court here, the Government agreed not to seek an enhanced sentence based on the Defendant's prior felony drug conviction pursuant to 21 U.S.C. § 851.  (<u>Id.</u> ¶ 107).

At the time of Defendant Ignacio's sentencing, Defendant was in Criminal History Category II.  Defendant was subject to a sentencing guideline range of 97 to 121 months imprisonment.  (<u>Id.</u> ¶ 105).  The Court granted the Government's motion for downward departure and sentenced her to a total of 75 months imprisonment.

**B.   Portion Of Sentence Served**

12

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. United States v. Connell, ___ F.Supp.3d. ___, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020). The amount of time served of the originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public. United States v. Barber, ___ F.3d ___, 2020 WL 2404679, *5 n.9 (D. Ore. May 12, 2020).

Defendant Ignacio received a 75-month sentence. Her projected release date is June 7, 2022. At the time the Defendant filed her Motion for Compassionate Release, Defendant Ignacio had almost two years remaining before her projected release date.

### C.  Appropriateness of Immediate Release

The nature and circumstances of Defendant's offense weigh against reducing Defendant Ignacio's remaining sentence. Defendant pled guilty to trafficking large quantities of morphine and oxycodone which included over 20,000 pills. Defendant was part of a complex scheme in which she stole blank or pre-signed prescription pads from her employer and sold falsified prescriptions to distribute oxycodone and morphine. Defendant has a history of drug trafficking.

Defendant's history and characteristics do not favor a reduced sentence.  Defendant's immediate release would not adequately reflect the seriousness of her offense, and it would not protect the public.  Defendant's immediate release is not appropriate given the totality of circumstances under the Section 3553(a) Factors.

## III. Summary Of Medical Conclusion And Section 3553(a) Factors

Defendant Ignacio has not established a basis for compassionate release based on her medical issues.  The record does not demonstrate that she is suffering from a terminal health condition or a condition that substantially interferes with her ability to provide self-care while incarcerated.  Defendant Ignacio has been able to manage her medical conditions while incarcerated.  The record demonstrates that the Defendant has received and continues to receive appropriate medical care while incarcerated.

Defendant Ignacio was convicted of a serious crime and still has approximately 18 months remaining on her sentence.  Defendant has not established that her immediate release is warranted pursuant to the Section 3553(a) factors.

///

///

///

///

14

**CONCLUSION**

Defendant Ignacio's Motion To Reduce Sentence Under The First Step Act (ECF No. 163) is **DENIED**.


IT IS SO ORDERED.

Dated: November 17, 2020, Honolulu, Hawaii.

Helen Gillmor
Senior United States District Judge

United States v. Juliann Teresa Ignacio, Crim. No. 16-00513 HG-02; **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (ECF No. 163)**